### LUNANSKY v. HAMBURG–AMERICAN PACKET CO.

(Supreme Court, Appellate Term. June 22, 1905.)

CARRIERS—BAGGAGE—·DELIVERY TO CARRIER—EVIDENCE.

In an action against a steamship company for the loss of a passenger's baggage, testimony that defendant received no other baggage than that for which receipt was issued according to the original baggage list in its possession, that a baggage list offered as an exhibit was a true and complete list of all baggage checked for transportation on the ship on which plaintiff traveled, and that no baggage was received on that ship from a passenger of plaintiff's name, is incompetent as statements of conclusions.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2149–2151.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Lunansky against the Hamburg-American Packet Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

J. W. Block, for appellant.
J. J. Frank, for respondent.

PER CURIAM. It may have been that the learned trial justice did not believe the plaintiff's evidence regarding the delivery of his baggage to the defendant, and that this was due to the incompetent evidence offered by defendant and admitted over plaintiff's objection. Special reference to the specific instances of error in the admission of evidence is hardly necessary, as counsel cannot fail to recognize many through a reference to a few. The following answers of George Hoppe: "For passengers per Patricia, February 21, 1903, we received no other baggage than that for which receipt was issued all according to the original baggage list in our possession." "I attach, marked 'Exhibit A,' a true and complete list of all baggage checked for transportation by steamship Patricia, and received from passengers from the barracks and the city of Hamburg." "From a passenger by the name of Joseph or Jassel Limansky we received in February, 1903, no baggage for transportation by the Patricia, or otherwise, to New York"—do not appear to have been other than statements of conclusions, and were therefore not competent. Upon appellant's brief, reference is made to numerous

other instances of harmful error in the admission of incompetent evidence.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.